**Form for Filing a Section 1983 Civil Rights Complaint (by persons not in jail or prison)**

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF MISSISSIPPI
_____ DIVISION

Rebecca Ann Morgan

-vs- Case No_____ (To be assigned by Clerk)

3:20cv109-GHD-JMV

_____

Debra Gilley

David Burke

Lorrie Bowen

Blind Rehabilitation Center BLDG #14
U.S. Department of Veterans Affairs
Gulf Coast Veterans Health Care System

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 (by persons not in jail or prison)**

III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank. If more than one plaintiff, attach an additional sheet that provides each plaintiff's name and address.)

A. Name of Plaintiff: Rebecca Morgan, #15 Rubin Drive, Oxford, MS, 38655

> Defendant,Debra Gilley Chief, Blind Rehabiliation Center, Gulf Coast Veterans Administration
> AdditionalDefendants: Assistant Chief David Burke, Blind Rehabilitation Center, Gulf Coast Veterans Administration

- Supervisor, Lorrie Bowen, Blind Rehabiliation Center, Gulf Coast Medical VA Center.
- James Leehan, HR Supervisor, Gulf Coast Veterans Administration

IV. Statement of Claim

State here as briefly as possible the facts of your case, that is, what happened that caused you to file this complaint. Describe how each defendant is involved. Include also dates and places where the complained of events occurred. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.

As a low vision (disabled) applicant and employee these adminstrators forced me to work in a darkened office with closed doors with (5) hostile co-workers who continually harassed me simply for asking the lights be turned on. These administrators chose the rights of (2) co workers with no visual impairment, thus not in a protected class, (2)

totally blind co workers who had no need of light and (1) light sensitve employee who had no written reasonable accommodation nor wore filters as professionals with low vision do. These administrators allowed these co-workers to design reasonable accomodation for the plaintiff, violating ADA laws, thus causing emotional, physical and visual damage to the plaintiff. The administrators further blantantly falsified their sworn testimony as to the time they knew of my visual impairment and claiming that moving me to a continually lit area would disrupt work flow. These Administrators continually retaliated against me for asserting my EEO and when I filed my legally biding written reasonable accommodation they ramped up their retaliation, falsely testifying that I was an incompetent worker, that I had problems with authority and actually wrote that I would doodle on my note pad as one of many false reasons for their ultimate retaliation, firing me. In their testimony the contradict one another and it is plain to see they discriminate against me, retaliated against me and wrongfully terminated me. These administrators spoke often to "allowing staff to determine the reasonable accomodation of others in the room, of having several unwritten rules regarding pertinent work directives," failing to train plaintiff, and ultimately wrongfully terminating me for conduct and poor performance. They disparigingly characterize me as incompetent when I have over 30 years experience in the field of blindness, they accuse me of being insensitive to low vision people even though I am a low vision person who was raised by a blind parent. They further negatively portray me as uncaring to our Veterans even though I have a son in the USAF, volunteered in Hospice at GCVAMC, and have created programs to feed hungry Veterans for years.

This all occured from October 1, 2018 through December 26, 2018. Plaintiff filed an ORM and elected to file an EEO claim, which was to go to Pre-hearing on April 1, 2020, however Administrative Law Judge Kevin Rung abruptly let plaintiff know on 3/24/2020 that he intended to grant agency Motion for Summary Judgement and advised plaintiff to seek remediation in USDC(emails attached) The documents will show that Plaintiff had enough supportive evidence to prove ADA discrimination Prima Facie, enough evidence to prove administrators had consistently falsified events in their sworn testimony. Plaintiff has ample evidence to support the claims of Prima Facie Discrimination, Disparate treatment, retaliation and wrongful termination.

V. State the names of witnesses who would testify for you or on your behalf, and state **briefly** what they would say.

Margaret Calazans, that I was struggling emotionally and physically while losing my vision further in this hostile, unsuitable work environment.

Karole Jackson, LRAC at GCVAMC, would state that Debra Gilley told her moving me to a lighted area would be an inconvenience, even though Ms Jackson informed her that was not an acceptable response. She will also testify as to plantiff's intense fears of retaliation.

Cynthia Johnson--as a health professional that I continually told her what was happening to my health and my eyesight.

Social Security Administration Counselor for Disability--would state that I was traumatized after being wrongfully terminated and she approved my disability for immediate process after our required appointment.

Dr. Maghdi Mikail, PCP at the time: who would testify to extreme duress from work situation and being forced to work in the dark.

Dr. Thomas Tann-that I have a visual impairment and required continual light and the absence of such would make it extremely difficult to perform or have a chance at an EEO.

Dr. Thomas Glasgow-who has known plaintiff over 40 years, is her attending PCP and will testify that my eye condition has worsened, that my anxiety and depression have elevated, that my Multiple Sclerosis has been exacerbated by the stress of the situation. That I now have to walk with arm braces, I have cardiac issues and neurological issues which were not present at my 2018 annual physical, and that all of these conditions,which were not present prior to my hire date at the GSMCVA Blind Rehabilitation center, have made me susceptible to COVID 19 and was in the Baptist ER 3/11/2020.

Professor Laura Chason who will testify that I continually confided in her that my head was in severe pain, that my eyes felt like the burning out of my head, and that I was under continual, exacerbating distress from the job assignment.

VI. Name all **documents** that you know of which would support your claim and state **briefly** what each document says or shows.

The Original Investigation, testimony from these administrators where they contradict one another, and admit to violating safety codes for the VA and OSHA laws.

All documents plaintiff submitted to include motions, witness list, doctors list and medical findings that prove Plaintiff went into the job with 20/40 vision and was legally blind shortly after being terminated. All exhibits submitted for the EEO case, and corresponding emails from EEO ALJ, Kevin Rung.

VII. Explain how you were injured (incurred medical costs, incurred physical injury and/or emotional distress, etc.) I had 20/40 vision entering the job and at the annual eye exam I had 20/200 which is legally blind, an astigmatism and interocular eye pressure, both of which had never been in any eye report were discovered. Extreme emotional distress , anxiety, depression, grief, loss of livlihood which continue, exacerbation of Multiple Sclerosis whereby plaintiff walks with a cane, suffers heart and neurological complications which were never reported before on a medical examination. Plaintiff went in a healthy, exhuberant employee who is now on permanent disability for the first time in her life. Having to relocate from Biloxi, MS, to New Orleans, where I had friends who could house me in this emergency, unexpected situation and where I could get affordable behavoral and medical treatement at Daughter's of Charity Health Care faciliites.

VIII. Relief

As I asked ALJ, Kevin Rung, I wished to be placed in a Federal position, and I asked for the maximum allowable $300,000 for physical and emotional injury, medical fees, future medical which is ongoing, and legal fees paid thus far.

IX. Jury Demand

I would like to have my case tried by a jury.

Yes

I (We) hereby certify under penalty of perjury that the above complaint is true to the best of our information, knowledge, and belief.

Signed this 7 day of April, 2020.

Rebecca Ann Morgan
*Rebecca Ann Morgan*

Clerks Office
USDCourt
Northern District

X-RAYED

PRESORTED
FIRST-CLASS MAIL
US POSTAGE PAID
FS, LLC

