RECEIVED
JUN 19 2020
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

REBECCA ANN MORGAN          PLAINTIFF

VS.          CIVIL ACTION: 3:20-cv-00109-GHD-JMV

DEBRA GILLEY, ET AL.          DEFENDANTS

## Plaintiff's Motion to Respond to U.S. Attorney Northern District of Mississippi Motion to Dismiss

Comes now, Pro Se Plaintiff to respond to the assertions presented by Assistant U.S. Attorney Ava N. Jackson, for the Northern District of Mississippi.

A. Improper Venue citing *Perry*, the U.S. Attorney General cites *Perry* which involved several states to include Alabama, Florida and Louisiana. Plaintiff in the above referenced case merely made the mistake of filing in the USDC of Northern Mississippi as opposed to the Southern District of Mississippi. The Northern District is the Federal Court in her county of residence. Being a disababled litigant Plaintiff believed the most available court for disability purposes would be the one nearest her home and had no intention of causing deliberate error in filing. Additionally plaintiff seeks a jury trial, logistic reasons to be physically present at a jury trial is also a contributing factor for choosing the Northern District. Plaintiff had no legal knowledge that where the incidents took place were where the case should be filed. Furthermore, Plaintiff's cause when it was under the purview of the EEO meandered from Biloxi, MS, to Birmingham, Alabama, to Houston, Texas and finally to New Orleans, LA all with the assistance of technology, the internet, conference calling and electronic filing. Having this experience it should be easy to discern that Plaintiff had no intention of filing in an improper court. Additionally in *Perry* the Court moved to transfer Plaintiff's case to the proper venue, which at this time Plaintiff is requesting.

B. Plaintiff Named Improper Individual Defendants--Plaintiff denies these assertions based on the following: The timeline is stated incorrectly by the Assistant U.S. Attorney in these proceedings. Plaintiff went through the entire process with EEO Judge Kevin Rung, at which point the timeline would have been within that time period, not the time period of the start date of January 4, 2019. Judge Rung's email states that he can make his final decision by "May 1, 2020". The 90 day period relative to Plaintiff filing in Federal Court would have transpired during the set time period ALJ Rung scheduled for Pre-Hearing to occur on April 1, 2020. Plaintiff was informed by Counsel Powell that the 90 day requirement had passed as of March 25, 2020 and she should inform Judge Rung if she intended to file in Federal Court. Plaintiff stayed the course with EEO Judge Rung since he had advised her at the (IC) November 18, 2019, to pursue her case. However, he suddenly cancelled the April 1, 2020 pre-hearing conference

which left Plaintiff with the option of filing in Federal Court, as the email exchange already submitted support. Pg. 4, as U.S. Assistant Attorney Jackson states "the head of the department, agency or unit as appropriate". In *Harvey v. Blake* 913 F.2d 226,227 (5th Circuit 1990) it is stated that an employer is "any agent immediate supervisors to be employers--when delegated the employer's traditional rights, such as hiring and firing or the Supervisor participating in the decision making process that forms the basis of discrimination." Assistant U.S. Attorney Jackson is correct in stating that Plaintiff had "2 opportunities to name a proper defendant." Plaintiff did struggle with which defendant's to name, first placing HR Supervisor Leehan within the defendant list, as he signed the termination documents and he is the person that Debra Gilley appealed to regarding the wrongful termination of Plaintiff. Plaintiff also named Secretary Wilkie as defendant in her filing of *in forma pauperis*, please review **Order and footnote** 1 from Magistrate Judge Virden, dated April 15, 2020 and filed in USDC for the Northern District of Mississippi. It is more than implied that the defendants work for the Department of Veterans Affairs, they were served summons at the GCVAMC and the U.S. Attorney has further acknowledged this by stating where Plaintiff worked with them in her Motion to Dismiss. With regard to the EEO naming of Defendant Wilkie and the assertion that Plaintiff should have known, let the record show that this title/text was created by Counsel Powell, the Counsel for the VA who would have the legal knowledge and forethought to name Secretary Wilkie. For Plaintiff in seeking to ensure the rights that the ADA affords disabled employees such as herself, she looked to the administrators/employers who daily violated her ADA rights and named them as defendants, Gilley, Burke and Bowen.

C. Plaintiff Failed to Perfect Service of Process--Plaintiff denies this assertion and refers to U.S. Marshal's bill for service of Process dated 5/13/2020 Invoice #20200120 Plaintiff questions why she is being held accountable for improper service yet U.S. Marshal Service for the Northern District of Mississipp have submitted their bill for $579.99 whereby all 3 defendants: Gilley, Bowen and Burke were served at the Gulf Coast Veterans Health Care Center. Is the U.S. Attorney stating that a citizen can be charged for Service of Process, yet later be told that service has not been perfected? Plaintiff requests a clarification in plain English as to this charge.

D. Plaintiff is Barred from Adding Proper Defendant--Plaintiff disagrees in entirety with this obstacle to pursue her case because the email exchange from ALJ Rung and Plaintiff clearly state that a Final Agency Decision was not the only course Plaintiff could take, and was a course that she refused in answer to ALJ Rung in more than one instance. Furthermore, it is clear from the same emails that ALJ Rung was to deliver *HIS* final determination and that he had conflicting dates and timelines as he states, May 1, 2020, is when he feels he can hand down his decision. Plaintiff requests this unnecessary barring from naming proper Defendant be lifted. Additionally on Pg. 6 "this proper listing of Robert Wilkie, Secretary Department of Veterans affairs was *most likely* the heading of all pleadings." This assertion by the Assistant U.S. Attorney is vague and Plaintiff absolutely defends that she did not intentionally omit Wilkie as a defendant and therefore should be allowed to amend her original complaint and name the proper defendant(s). Again, Plaintiff sought to name those who daily violated her ADA rights,

created and maintained the hostile work environment and treated her with disparity and retaliation.

E. Plaintiff's ADA Claim must be dismissed-Plaintiff denies this assertion on the principle that the ADA is a product of the Rehabilitation Act and that employee protections under the ADA are governed by the Rehabilitation Act. Plaintiff followed the entire recommended course of action as defined by the Veterans Administration from inception of the filing of the complaint to the ORM, to the filing with the EEO, to the advice of the EEO Judge Kevin Rung to file in Federal Court. To date Plantiff has never been apprised that Federal Employees are not accountable to the ADA or discrimination violations. If Federal employees are not held accountable to Federal laws then who is? Who at the Blind Rehabiliation Center was responsible for ensuring the ADA rights of the employees there? Why is Debra Gilley characterized as someone who has experience and knowledge with reasonable accommodation yet cannot be held accountable when failing a disabled employee under her supervision that had repeatedly requested reasonable accommodation?

F. Pro Se Plaintiff request at this time that the USDC for the Northern District allow her to correct her procedural mistakes, transfer this case to the proper U.S. District Court and that Plaintiff be allowed to amend her original complaint naming the proper defendant(s). Plaintiff does not see a lack of compliance with complete service and request that U.S. Marshal Service explains to Plaintiff and this court why this service is not perfected.

In summation pro se disabled plaintiff would like to speak to the technicalities that are presented in the U.S Attorney's Memoradum in Support of Motion to Dismiss. These technicalities are not material facts that would or should define the outcome of a disabled American citizen who seeks justice in the form of the promises enacted by the Rehabilitation Act, encompassed by the ADA and are meant to serve as legal protections for persons like herself with disabilities. U.S. Court of Appeals Justice Richard Posner who served on the 7th Circuit from 1981 to 2017, teaches at the University of Chicago Law School and founded a short lived project to assist pro se litigants spoke often and boldly that the "justice system was far from just when it came to pro se litigants." Judge Posner additionally emphasized the power imbalance between pro se litigants and opposing counsel. Judge Posner spoke to the legal system that makes representation less affordable while at the same time creating a maze of rules governing court proceedings, making it nearly impossible for pro se litigants to navigate. For a disabled pro se litigant the challenges are even more daunting and dispiriting, however, as a disabled American I try my best to rise to the occasion of defending the rights that have been enacted with the Rehabilitation Act and the ADA. As a disabled pro se litigant I can honestly say, I may fail, I may stumble, I may indeed get things incorrect, I am not a seasoned Judge, I am not a U.S. Attorney, I do not have a law degree. But what I do know for certain is that the rights for equal employment were never given to me, I was subjected to a hostile work environment daily repeatedly by administrators and co-workers for no reason, my ADA rights were violated, I was retaliated against and ultimately wrongfully terminated for requesting EEO, for requesting a reasonable accommodation. I literally begged Debra Gilley and Lorrie Bowen daily to place me in a well lit area so that I could

see, only to be rebuked by them continually and treated as if what I was requesting was beyond any comprehensive or reasonable person's ability to discern. I provided medical documentation of my visual impairment, I disclosed and discussed fully my need for accommodation and I was treated with hostility and retaliation on a continued basis for doing so. As a disabled American who sees that there are no built in legal organizations or entities to assist me in my quest to uphold my legal rights I can only question at this point what good is the Rehabilitation Act or the ADA if a citizen cannot exercise their legal rights due to the imbalance of power that exists in the courts. In <u>Edington v. Missouri Department of Corrections</u>, 52 F. 3d. 777,779 (8th Cir. 1995) "the court must liberally construe the allegations of a pro se complainant", however this liberal stance is very narrow and does little to assist pro se litigants, and I feel compelled to add pro se disabled litigants. <u>Parker v. Webster</u>, 816 F. Supp. 553, 562 (W.D. Mo 1993) also says "this court recognizes that pro se litigants are 'severely limited' in [their] ability to make use of legal materials and apply the law to objective reality." Judge Posner's clinic to assist pro se litigants is a stark example of the need for legal representation in America. Posner said upon dissolution of the Posner Center after 16 months that "the mismatch was something on the order of 100 requests for assistance for every staff member. Since the lawyers and non-lawyers of the Posner Center were assisting the pro se litigants free of charge, perhaps it was inevitable that the demand would greatly exceed the supply. Thus, this experiment in assisting pro se litigants with their ongoing court cases has sadly come to an end." What began in 2018 and ended in 2019 is in the very recent past and is but one example of the thousands of difficulties an American citizen takes on in defense of their rights.

I am grateful that I can still read, that I can still comprehend even with my disabilities, however this challenge gets ever more difficult as I go further in my Federal case and what began as a rightful attemp to ensure the legal promises of the ADA may end for me like so many others who look to the courts for justice only to find intimidation, barriers, obstacles, technicalities and overwhelming legalese that seem impossible to navigate and almost set up to discourage citizens from seeking damages when their rights have been egregiously violated. I wish for this court to note that Plaintiff has a lifetime experience with an accomplished blind father, Plaintiff is a USAF mother, Plaintiff has dedicated 30 plus years to the field of blindness and citizens with disabilities. Plaintiff considered working for America's blind and low vision Veterans as the highest calling in her career and each day that Plaintiff reported to work it was with an eager heart and spirit to serve those who have served. Plaintiff Volunteered at the GCMCVA in Hospice on a regular basis, visiting with Veterans countless hours to watch football games, to check in on how they were doing, to wheel them around the VA campus in their wheelchairs and to attend religious services with them on Sundays. Plaintiff has a motto that she lived by and that she enacted every day as she reported to duty for work at the Blind Rehabilitation Center, that motto is: **every blind person is my father and every Veteran is my son**, and that motto remains, was solid and truthful. The disparaging things that were said and done to Plaintiff by Debra Gilley, David Burke and Lorrie Bowen were unwarranted, unnecessary, unethical, unprofessional and a violation of employment and disability rights. Shouldn't the courts be arbiters for decisions based on the merits of a case rather than disposing of cases due to easily

remedied mistakes made by pro se litigants. Plaintiff prays this court will allow her to correct her procedural mistakes and continue with her request for a jury trial.

Respectfully Submitted,

Rebecca Ann Morgan
Plantiff
June 19, 2020.

### CERTIFICATE OF SERVICE

I, REBECCA ANN MORGAN, pro se Plaintiff in this named matter hereby certify that I hand delivered (1) copy of this Motion to Respond to U.S. Magistrate Judge Jane M. Virden and (1) copy to Assistant U.S. Attorney for the Northern District of Mississippi, Ava N. Jackson at the Ethridge Professional Building, 900 Jefferson Avenue, Oxford, MS 38655.

This the 19 day of June 2020

Rebecca Ann Morgan
Pro Se Plaintiff

June 19, 2020
Juneteenth

To:   Magistrate Judge Jane M. Virden

   Ava N. Jackson, Assistatnt U.S. Attorney
   for the Northern District of Mississippi
   Ethridge Professional Bldg.
   900 Jefferson Avenue
   Oxford, MS 38655

                    RE:  Plaintiff's Motion to Respond
                         #3:20-cv-00109-GHD-JMV

Good Morning,

Enclosed please find (1) copy for each of you Motion to Respond to U.S. Attorney Northern District of Mississippi Motion to dismiss in the above captioned matter. Hand delivered to your listed address on this 19th day of June, 2020.

Respectfully submitted,

*(signature)*
Rebecca Ann Morgan
Pro Se Plaintiff