IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**REBECCA ANN MORGAN** **PLAINTIFF**

**VS.** **CIVIL ACTION: 3:20-cv-00109-GHD-JMV**

**DEBRA GILLEY** *et al*. **DEFENDANTS**

**ORDER DENYING MOTION TO APPOINT COUNSEL**

This matter is before the court on the [18] motion of the *pro se* plaintiff to appoint counsel. The court, having considered the motion and relevant caselaw, finds that the motion is not well taken and should be denied.

There is no absolute or automatic right to appointed counsel in cases filed pursuant to the Americans with Disabilities Act or the Rehabilitation Act. *Raymond v. Dep't of the Army*, No. SA-09-CA-00279-OLG, 2010 WL 11509287, at *2 (W.D. Tex. Aug. 24, 2010), *report and recommendation adopted sub nom. Raymond v. McHugh*, No. SA-09-CA-279-OG, 2010 WL 11509288 (W.D. Tex. Sept. 20, 2010); *Mapes v. Texas*, No. MO:18-CV-00170-DC, 2018 WL 9786073, at *2 (W.D. Tex. Oct. 1, 2018). Rather, a plaintiff may receive appointed counsel "in such circumstances as the court may deem just." *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)). In making this determination, the court considers (1) the merits of the plaintiff's claims of discrimination; (2) the effort taken by the plaintiff to obtain counsel; (3) and the plaintiff's financial ability to retain counsel. *Id.* at *3.

While it appears that Ms. Morgan is unable to afford private counsel on an hourly-fee basis, the plaintiff has failed to demonstrate any efforts to obtain counsel on a contingency basis, as is customary in the representation of plaintiffs.

Therefore, this motion must be denied at this juncture. However, Ms. Morgan may re-urge her motion upon inclusion of a report of her efforts made to obtain counsel. This is necessary so that the court may properly consider all relevant circumstances for appointment of counsel.

**SO ORDERED** this, the 27th day of July, 2020.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**